IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **BRIAN SCOTT BROWN,** | ) | CASE NO. 7:21CV00043 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **ERIN FERGUSON,** | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Petitioner Brian Scott Brown, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. After a jury trial in 2017, Brown was found to be a Sexually Violent Predator ("SVP") under Virginia Code Ann. §§ 37.2-900–920 and was sentenced to involuntary inpatient sex offender treatment at the Virginia Center for Behavioral Rehabilitation ("VCBR"), in the custody of the Commissioner of the Department of Behavioral Health and Developmental Services ("DBHDS"). Now in jail again on a separate criminal matter, Brown challenges his continued custody by the DBHDS commissioner. This habeas case is currently before the court on three motions seeking interlocutory relief. After review of the record, the court finds that these motions must be denied.

On April 16, 2020, Brown was granted conditional release from the VCBR and moved to Roanoke. He was arrested in September 2020 for a probation violation on a prior conviction in the Pulaski County Circuit Court. He has been confined since then. He asserts that he is being held in the custody of both the Pulaski County sheriff and the commissioner of DBHDS. Court records available online indicate that in Pulaski County Circuit Court Case No. CR05001313-01, on March 30, 2021, the Court revoked Brown's probation and sentenced him to serve three years in jail, to run consecutively with another unspecified sentence. In Brown's Case No. CL16000379-00, the Court has scheduled a hearing for June 25, 2021.

In Brown's § 2254 petition, he challenges only his custody by the DBHDS commissioner, on the grounds of ineffective assistance of counsel and insufficient evidence. The court has directed respondent to answer or respond to Brown's § 2254 claims, and Brown will have an opportunity to reply. In Brown's current motions, he seeks orders from this court for his immediate release from DBHDS custody altogether or for a stay of any state court proceedings to reevaluate him for possible recommitment to the VCBR. The court cannot find that any such relief is appropriate at this time.

In Brown's "motion to stay," ECF No. 6, he asserts that because of this pending § 2254 case, the state court should be barred from proceeding with CL16000379-00, which apparently relates to consideration of Brown's status as an SVP and whether his recent behavior warrants recommitment for inpatient treatment.

> In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (en banc) (internal quotation marks omitted). The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43–44; see also Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when Younger abstention is appropriate).
>
> From Younger and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Lott v. Sheek, No. 819CV00954DCCJDA, 2019 WL 3308415, at *7–8 (D.S.C. Apr. 4, 2019), report and recommendation adopted, No. 8:19-CV-00954-DCC, 2019 WL 2511253 (D.S.C. June 18, 2019), appeal dismissed, No. 19-7636, 2020 WL 2126445 (4th Cir. Jan. 8, 2020). The Younger abstention doctrine applies to noncriminal judicial proceedings when important state interests are

involved. Id. at *8. Other circuit courts have applied Younger to bar district court interference in pending civil commitment proceedings. Id. (citing Sweeney v. Bartow, 612 F.3d 571, 572 (7th Cir. 2010) ("The principles of Younger are applicable to habeas petitions from pending [Wisconsin] sexually violent person commitments."); Smith v. Plummer, 458 F. App'x 642, 643 (9th Cir. 2011) (explaining the Younger abstention doctrine extends to an ongoing state-initiated judicial proceeding where the proceeding implicates important state interests, the litigant is not barred from litigating federal constitutional issues in the state proceeding, and federal court action would enjoin the proceeding or have the practical effect of doing so)).

Based on the foregoing, the court concludes that the Younger doctrine bars this court from interfering in the ongoing civil proceeding regarding Brown's possible recommitment as an SVP. Brown offers no argument that the protection of members of the public from possible recidivism by a documented SVP is not an important state interest for purposes of the Younger abstention doctrine, and the court finds none. Nor does Brown demonstrate that he is unable to raise federal claims in the pending state court civil action concerning his SVP status and potential recommitment. Accordingly, under Younger, the court will deny Brown's motion to stay the state court proceedings.

In a "motion for release," ECF No. 7, Brown asserts that pursuant to Rule 23(c) of the Federal Rules of Appellate Procedure, this court should order his release from custody, pending this court's decision on his § 2254 petition. This argument has no merit. A § 2254 petition in the district court does not equate with an appeal in the court of appeals, which would be subject to rules governing appellate proceedings.

Finally, in Brown's second "motion for release," ECF No. 10, he states that on March 4, 2021, he gave all his legal documents to a jail official who allegedly threatened him with

unspecified violence and threw his documents in the garbage. Brown states: "I do not feel safe at this facility," and on that basis, he requests an order releasing him on his "own recognizance until such time as [he goes] to court for the [probation] violation" Mot. 1, ECF No. 10. Brown's probation revocation proceeding has concluded, however. Therefore, this motion must be denied as moot.

For the stated reasons, the court will deny Brown's motions for interlocutory relief. An appropriate order will issue this day. The clerk is directed to send copies of this memorandum opinion and the accompanying order to Brown and to counsel of record for respondent.

**ENTER**: This  12th  day of April, 2021.

_____
Senior United States District Judge