IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN SCOTT BROWN, <br>     Petitioner, | ) <br> ) <br> ) | Civil Action No. 7:21cv00043 |
| v. | ) <br> ) <br> ) | By: Elizabeth K. Dillon <br>     United States District Judge |
| ERIN FERGUSON, Commissioner, <br>     Respondent. | ) <br> ) | |

**MEMORANDUM OPINION**

Petitioner Brian Scott Brown, a Virginia inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his civil commitment as a sexually violent predator under Virginia Code §§ 37.2-900–920. Respondent has filed a motion to dismiss, and the matter is now ripe for disposition. After careful review of the record, the timeline, and applicable law, the court concludes that this petition must be dismissed for the reasons stated below.

I.  BACKGROUND

On December 20, 2007, Brown pled guilty in Pulaski County Circuit Court to forcible rape in violation of Virginia Code § 18.2-61, a sexually violent offense as defined in Code § 37.2-900. The court imposed a sentence of 30 years, with 17.5 years suspended. While incarcerated, Brown completed his GED, maintained various jobs in the prison, and completed training and certification as a roofer and siding installer. During his incarceration, he incurred minimal infractions, none involving violence. During his final two years, Brown participated in the Sexual Offender Residential Treatment (SORT) program in the penitentiary. Two years before his release, as required by Virginia Code § 37.2-903, the Department of Corrections notified the Commitment Review Committee at the Department of Behavioral Health and

Developmental Services (DBHDS) of Brown's anticipated release date, and the Committee arranged for a sexually violent predator (SVP) evaluation pursuant to Virginia Code § 37.2-904.

Michelle Sjolinder, a licensed clinical psychologist, conducted the evaluation, including a clinical interview of Brown at Greensville Correctional Center on December 30, 2015. During the interview, she administered several tests, including the Wechsler Abbreviated Scale of Intelligence-second edition, the Millon Clinical Multiaxial Inventory-third edition, Hare Psychopathy Checklist-Revised second edition, Static99R Sex Offender Risk Assessment, Sexual Violence Risk-20, and the Bumby Cognitive Distortions Scale (rape and molestation scales). She also reviewed the investigative and court records from the criminal case, the presentence report, Brown's juvenile records, and prison records, including medical and mental health records.

Dr. Sjolinder prepared her report on January 16, 2016, diagnosing Brown with narcissistic personality disorder, with strong obsessive-compulsive traits and historical antisocial features, and autism spectrum qualities. She also noted that he is considered high risk for reoffending, based on his Static 99R Score and his age (29 at the time of the evaluation). Notwithstanding the diagnoses and recidivism risk, Dr. Sjolinder opined that Brown did not meet the definition of an SVP, that is, a "person who (i) has been convicted of a sexually violent offense . . . and (ii) *because of a mental abnormality or personality disorder*, finds it difficult to control his predatory behavior, which makes him likely to engage in future sexually violent acts." Va. Code § 37.2-900 (emphasis added). She acknowledged that he had been convicted of a sexually violent offense and that he had a personality disorder; however, she noted that the personality disorder "in and of itself is not necessarily connected with violence, much less sexual

2

violence, unless certain other factors" are present. CCR at 527.[1] She found no evidence of a paraphilia or similar mental health factor that would causally connect Brown's personality disorder to difficulty controlling predatory, violent sexual behavior. Accordingly, she did not recommend commitment because he did not meet the definition of an SVP.

Upon receiving the evaluation report pursuant to the statute, DBHDS had another licensed clinical psychologist, Dr. Glenn Miller, review all records and test results from Dr. Sjolinder's evaluation.[2] Dr. Miller ultimately diagnosed antisocial personality disorder and "other specified paraphilic disorder (nonconsent)." CCR at 502. Dr. Miller opined that Brown qualified as an SVP, and the attorney general's office elected to file a petition for civil commitment. With the filing of the petition in April 2016, the court entered a hold order in order to maintain Brown in custody after his release date until the conclusion of the commitment proceedings, and counsel was appointed to represent him. CCR at 22 – 27.

Brown's counsel obtained yet another evaluation by a board-certified clinical psychologist, Dr. Alan von Kleiss. Dr. von Kleiss opined that Brown did not suffer from any mental abnormality or personality disorder, nor did he suffer from any lack of ability to control his behavior. Accordingly, he opined that Brown is not an SVP within the definition provided by Virginia law. CCR at 553.

The parties apparently agreed to have the matter tried by a jury rather than the court. CCR at 99. All three psychologists testified at the trial in accord with their reported opinions.

---

[1] Citations herein to the circuit court record from Pulaski County Circuit in the Case *Commonwealth v. Brown,* No. CL 16000379-00, are abbreviated "CCR" at the page number located in the lower right corner of each page in the record.

[2] The Commonwealth filed a motion to allow Dr. Miller to interview Brown before the commitment trial, but the circuit court denied the motion, given that Brown had already fully cooperated with the evaluation by Dr. Sjolinder, who was also selected by the Commonwealth. Therefore, Dr. Miller's report and opinion were based on the record review without personally interviewing Brown.

On June 23, 2017, the jury found Brown to be an SVP. CCR at 163. The court denied Brown's motion to set aside the verdict, and by order dated July 18, 2017, the court committed Brown to the custody of DBHDS for inpatient treatment in a secure facility designated by the Commissioner. CCR at 169 – 171. Brown did not appeal from this judgment. Further, he has never filed a state habeas petition challenging his detention as an SVP.

Brown began treatment at the Virginia Center for Behavioral Rehabilitation on August 1, 2017. On July 18, 2019, the court entered an order for preparation of a conditional release plan, based upon the annual review report of Dr. Mario Dennis, dated April 27, 2018, and the letter from Dr. Dennis, dated June 18, 2019, recommending conditional release. The order recites that "the parties stipulate and the court **FINDS**" that Brown remains a sexually violent predator as defined by the Virginia Code, but that he meets the criteria for conditional release. Order, 7/18/19, Ex. B, Gov't Br. Supp. Mot. Dismiss, Dkt. No. 21-2. On March 10, 2020, the court entered an order approving a lengthy conditional release plan for Brown. Order, 3/10/20, Ex. C, Gov't Br. Supp. Mot. Dismiss, Dkt. No. 21-3. Brown did not appeal either of these orders, nor did he file any habeas petition in the Virginia state courts. He was released from the Virginia Center for Behavioral Rehabilitation on April 16, 2020, to begin his probation and his conditional release.

On September 15, 2020, the court entered an emergency custody order for Brown, alleging that he violated his probation and his conditional release terms by absconding from supervision and removing his GPS monitoring equipment. Further, Brown was alleged to have admitted having a gun in his possession on September 14, 2020. Ex. D, Gov't Br. Supp. Mot. Dismiss, Dkt. No. 21-4.[3] While he was in custody waiting for his probation violation hearing

4

and his revocation of conditional release, Brown mailed his § 2254 petition to this court on January 20, 2021, raising the following claims:

(1) His continued custody by the DBHDS violates the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution; and

(2) Ineffective assistance of counsel in failing to make these constitutional arguments at the time of his commitment.

The respondent asserts that this petition is untimely and, alternatively, that the issues were never presented to the Supreme Court of Virginia and are now simultaneously exhausted and defaulted.

## II.  DISCUSSION

**A.  Procedural Standards**

A federal court may grant a petitioner habeas relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act placed several procedural limitations on the habeas corpus process.  First, the petitioner must file his claim timely, generally within one year from the date on which the state court judgment became final. 28 U.S.C. § 2244(d)(1)(A).  A federal district court reviewing a § 2254(a) petition is also limited by the separate but related doctrines of exhaustion, procedural default, and independent and adequate state law grounds.  These procedural limitations promote the principles of finality, comity, and federalism, recognizing the state's legitimate interests in enforcing its laws, preventing disruption of state judicial proceedings, and allowing states the first opportunity to

---

[3] According to the Virginia Case Information System online, the court sentenced Brown to three years in prison on March 30, 2021, for the probation violation.  His appeal to the Court of Appeals of Virginia was denied November 23, 2021.  There is no indication that he has appealed to the Supreme Court of Virginia.  In the civil case, the court re-committed Brown as a sexually violent predator on August 31, 2021, and a notice of appeal was filed on September 20, 2021.  The Circuit Court docketed an entry on November 23, 2021, that the court of appeals denied the appeal, but the only record found for the court of appeals pertained to the criminal probation violation case.

address and correct alleged violations of rights of persons in state custody. *Coleman v. Thompson,* 501 U.S. 722, 730–31 (1991).

**B. Analysis**

    **1. Custody**

Brown expressly states that he is not challenging his criminal incarceration in this petition. Pet. at 7, Dkt. No. 1. Rather, he alleges that his civil commitment violates the United States Constitution. Even though civil commitment is not incarceration and is remedial rather than punitive, it is still involuntary custody pursuant to a state order, and habeas review under § 2254 is available to challenge the legality of such custody. *Duncan v. Walker*, 533 U.S. 167, 176 (2001).

Respondent asserts that Brown is currently serving a criminal sentence and therefore not in the custody of DBHDS. The trial court's entry of an order revoking Brown's conditional release and committing him as a sexually violent predator upon completion of his probation violation sentence undermines the argument. The Supreme Court has long held that a federal district court may consider the petition of a prisoner incarcerated under consecutive sentences who claims that the sentence he is scheduled to serve in the future is constitutionally invalid. *Peyton v. Rowe*, 391 U.S. 54, 64–65, 67 (1968). The situation here is no different. Brown is serving a custodial sentence to be followed by a custodial commitment. Therefore, he is in custody within the meaning of § 2254(a).

**2. Timeliness**

Under 28 U.S.C. § 2244(d)(1), a petitioner has one year in which to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The original judgment committing Brown to the custody of DBHDS was entered July 18, 2017. At that time, appellate jurisdiction for civil matters, including commitment hearings, lay with the Supreme Court of Virginia, and a litigant had 90 days in which to appeal from a circuit court judgment. Va. Code §§ 8.01-670–671 (2017). The one-year statute of limitations to challenge that order under subsection (A) began to run on October 17, 2017, 90 days after entry of the judgment in circuit court, because Brown did not appeal and the time for appealing expired on that date. Under this subsection, the deadline for Brown to file his § 2254 petition was October 17, 2018. The petition, mailed January 20, 2021, is more than two years overdue under that provision.

The rights asserted by Brown have long been recognized by the Supreme Court. The cases cited in his petition were decided well before 2017. *See, e.g., Kansas v. Crane*, 534 U.S. 407 (2002); *Kansas v. Hendricks*, 521 U.S. 346 (1997). Accordingly, subsection (C) does not apply. Further, the factual predicate for Brown's claims was known to him before the judgment order was entered. He raised the same arguments in a *pro se* motion to dismiss the commitment petition in July 2018. CCR at 736 – 744. Thus, subsection (D) does not apply.

Subsection (B) applies if state action prevented Brown from timely filing his petition. The closest allegation Brown makes is that his court-appointed counsel advised him that there was no habeas remedy for this type of case. Assuming this to be true, that does not rise to the level of *preventing* Brown from filing a petition. Rather, it falls under the category of attorney negligence. The courts have long recognized that attorney negligence is not sufficient to excuse an untimely petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2006); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Three avenues exist for a petitioner to avoid the harsh effect of the statute of limitations: statutory tolling, equitable tolling, or miscarriage of justice (actual innocence). For the reasons stated below, none of these will save Brown's untimely petition in this case.

Statutory tolling applies when a "properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Brown has not filed a state petition for habeas corpus to challenge the commitment order of July 8, 2017. Therefore, none of the one-year limitation was tolled.

The "miscarriage of justice exception" to the statute of limitations attempts to balance the "societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case." *McQuiggin v. Perkins*, 569

8

U.S. 383, 393–95 (2013). The exception can only be considered when a litigant presents new evidence, such that, absent constitutional error, "no reasonable juror would have convicted" the defendant. *Id.* Of course, in this case, Brown is not challenging a criminal conviction, but a civil commitment order. If the court analogizes Brown's argument that he is not an SVP as defined by Virginia law with a claim of actual innocence, then the miscarriage of justice exception might be a reasonable approach to consider. However, Brown has not presented any *new* evidence to establish that he was not an SVP when the order was entered. New evidence can be "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," but it must be evidence that was not available at the original trial. The opinions of Dr. Sjolinder and Dr. von Kleiss, which disagreed with Dr. Miller's opinion, were not only available at the original hearing but were introduced into evidence. Accordingly, the miscarriage of justice exception, if applicable in this context, does not apply to this case.

Equitable tolling is available if the petitioner has pursued his rights diligently and some extraordinary circumstances prevented his timely filing. *Holland v. Florida*, 560 U.S. 631, 636, 649 (2010). The court need not address diligence, because there are no extraordinary circumstances in this case that prevented his timely filing. Ignorance of the law is not an extraordinary circumstance, nor a basis for equitable tolling, even when a litigant is representing himself. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Further, a lawyer's negligence is not an extraordinary circumstance that tolls the statute of limitations. *Holland*, 560 U.S. at 651–52; *Lawrence*, 549 U.S. at 336.

Brown argues that timeliness cannot be an issue in this case because the trial court is required to determine anew each year whether a litigant remains an SVP subject to commitment. It is true that annual hearings are required for the first five years after commitment, and biennial

9

hearings thereafter. Va. Code § 37.2-910(A). The Commonwealth has the burden of proof at such hearings. Va. Code § 372.-910(C). Each new order of the court committing someone for another year constitutes a judgment from which either side may appeal. *See* Va. Code §§ 17.1-405; 37.2-920. A new time limit starts when a new order becomes final, subject to the same procedural requirements of custody, timeliness, and exhaustion. The federal statute of limitations starts running at the expiration of the direct appeal, or when the time to file an appeal expires, if no appeal is filed, as discussed at the beginning of this section. Brown did not indicate that this petition was challenging anything other than the order of July 18, 2017. The time for challenging that order has expired.

### 3. Exhaustion

A habeas petitioner is required to exhaust his claims in state court before his claims can be considered in federal court. 28 U.S.C. § 2254(b)(1)(A). To exhaust his claims, a petitioner must present his federal constitutional claims to the highest state court, on the merits, before he is entitled to seek federal habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Further, the petitioner must present to the state court the same operative facts and the same controlling legal principles that he seeks to present to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *Kasi v. Angelone*, 300 F.3d 487, 501–02 (4th Cir. 2002). Failure to do so "deprives the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 732.

Because Brown did not appeal the order to the Supreme Court of Virginia, nor did he file a state habeas petition in the Supreme Court of Virginia or appeal a habeas petition to that court, he has not exhausted his state court remedies. Because the time for filing a state habeas petition

regarding the July 18, 2017 commitment order has passed,[4] if the current § 2254 petition were timely, the court would have to treat the issues Brown raises as simultaneously exhausted and defaulted. A federal court may consider exhausted and defaulted issues only on a showing of good cause for default and actual prejudice to the petitioner as a result. For the same reasons that Brown cannot demonstrate extraordinary circumstances to toll the statute of limitations, he cannot show good cause for procedurally defaulting his claim that his commitment is unconstitutional. Negligence or inadvertence of trial counsel is generally not adequate cause for default unless it rises to the level of constitutionally ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 486 (1986).

Nor can Brown show actual prejudice because, as he notes in his own petition, the court enters new orders every year, and he can exercise his opportunity to timely exhaust state court remedies by challenging his continued detention under a more recent order. To hold otherwise would allow Brown to circumvent the requirement that his arguments be presented to the state's highest court before being considered by a federal district court.

### III.  CONCLUSION

Because Brown's petition is untimely and his claims have not been exhausted in the state's highest court, the court cannot consider Brown's constitutional claims at this time, and the court will grant the respondent's motion to dismiss.

Further, when issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of appealability may only issue if the movant has made a substantial showing of the denial of a

---

[4] A petition for a writ of habeas corpus "other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues." Va. Code § 8.01-654(A)(2).

constitutional right.  28 U.S.C. § 2253(c)(2).  The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right.  *Gonzales v. Thaler*, 565 U.S. 134, 140–41 (2012).  Brown has not made such showings in this case.

    An appropriate order will be entered.

    Entered: February 3, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge